[No. 20551.　Department One.　August 25, 1927.]

S. INASHIMA, *Respondent*, v. NORMAN M. WARDALL, *as County Auditor for King County, et al., Appellants.*[1]

[1] EVIDENCE (211)—OPINION EVIDENCE—VALUE OF PERSONAL PROPERTY. Dealers in automobiles, with professed knowledge of prices and values, are competent witnesses as to the value of a mortgaged automobile.

[2] SAME (196)—EXPERT TESTIMONY — MATTERS INVOLVING SPECIAL KNOWLEDGE. A deputy county auditor, an expert in recording instruments, may give his opinion that a chattel mortgage was not properly indexed.

[3] APPEAL (456)—REVIEW — HARMLESS ERROR — ADMISSION OF EVIDENCE—ERROR CURED BY WITHDRAWAL. Upon an issue as to leave to sue upon an official bond, error cannot be assigned upon the admission of the order granting leave, containing impertinent recitals which were withdrawn from the consideration of the jury.

[4] EVIDENCE (104) — HEARSAY — STATEMENTS BY PERSONS OTHER THAN PARTIES OR WITNESSES. Upon an issue as to plaintiffs excuse for failure to sue a defendant primarily liable, it is competent to show that his whereabouts was unknown and that he had no property that could be discovered by witnesses who had made inquiries of his former employers and associates, and

[1]Reported in 258 Pac. 839.

searches of the records and unsuccessful attempts to collect debts; and the same is not objectionable as hearsay.

[5] TRIAL (101)—INSTRUCTIONS—REQUESTS ALREADY GIVEN. It is not error to refuse requested instructions covered in the general charge.

Appeal from a judgment of the superior court for King county, Hall, J., entered November 8, 1926, upon the verdict of a jury rendered in favor of the plaintiff, in an action on an official bond. Affirmed.

*Winter S. Martin* and *W. H. Brinker,* for appellants.

*H. E. Foster* and *Geo. Olson,* for respondent.

PER CURIAM.—This cause was before this court on a former appeal. *Inashima v. Wardall,* 128 Wash. 617, 224 Pac. 379. In the opinion of the court in that case will be found a statement of the facts which give rise to the controversy. On the return of the remittitur after the reversal by this court, the cause was again tried before a jury, and a verdict again returned in favor of the plaintiff in the cause for the amount demanded in the complaint. The present appeal is by the defendants from the judgment entered on the verdict.

[1] While numerous errors are assigned, we do not find that many of them merit extended discussion. The first three relate to the admission of certain testimony as to the value of the mortgaged automobile, the contention being that the witnesses did not show a sufficient knowledge of its value as to permit them to testify thereto. But the witnesses were dealers in automobiles and professed to have knowledge of prices and values, and we see no justification for the claim that they were incompetent.

[2] The fourth objection relates to the testimony of a deputy auditor, called as an expert, who gave it

as his opinion that the chattel mortgage was not properly indexed on the recording officer's records. This was an issue in the cause, and an expert in that line of work is permitted to give his opinion thereon.

[3] The statute provides (Rem. Comp. Stat., § 960) [P. C. § 8245] that, before an action can be commenced on an official bond by a plaintiff other than the state or the municipal or public corporation named in the bond, leave shall be obtained of the court, or the judge thereof, where the action is triable. In this instance, the plaintiff did obtain such leave, and so alleged in his complaint. The allegation was denied in the answer of the defendants. At the trial, the plaintiff introduced as part of his proofs the order of the court granting such leave and, on the argument of the cause, the attorney for the plaintiff proceeded to read the order to the jury. An objection to his so doing was made, when a colloquy occurred which the defendants now contend was erroneously prejudicial to their interest. The order contained recitals possibly not pertinent to its proper subject matter, and it is because this part of it was brought to the attention of the jury that the defendants complain. But if any error was committed in this respect, it was cured by the action of the court. It withdrew from their consideration all matters recited in the order, except that part of it reciting that leave was granted to sue, and instructed the jury to disregard the matter withdrawn. It is objected that the error was so gross as to be incapable of cure in this manner; but manifestly, we think, it would be a reflection upon the intelligence of the jury to so hold.

[4] The plaintiff did not attempt by suit or action to collect from Koike, the mortgagor, the debt the mortgage was given to secure, prior to beginning his action against the present defendants. To excuse his want of action in this regard, the plaintiff offered evi-

dence tending to show that Koike left for parts un-known, shortly after the execution of the mortgage, that he left a large number of other debts, and left no property out of which a judgment against him could be satisfied. The defendants objected to the competency of the witnesses by which the facts were sought to be proven, but, in our opinion, the witnesses were competent. The witnesses testified that they had made inquiry, at the place of his former employment, of the banker with whom he had formerly transacted business, and of the persons with whom he formerly associated, to ascertain his whereabouts and whether he had property subject to levy, but were unable to discover either his whereabouts or any property. An attorney, who had claims against him for collection, also testified to a search of the county records for property belonging to the debtor, and the failure to discover any such property. The more particular objection is, that the information gained by the inquiries was hearsay, but it was more than that. The ultimate question was, whether there was property belonging to the mortgagor and of which the mortgage debt could be collected; and we are clear that the testimony offered was competent to prove that none such was discoverable.

[5] The appellants submitted some fifteen instructions which they requested the court to give to the jury. These the court did not give, but instructed the jury in language of its own choosing. Under the practice in this state, it is not error for the court to refuse to give a requested instruction, even though the instruction be unobjectionable in form and pertinent to the issues. The court may always instruct in its own language; and if the instructions given fully cover the issues, and are otherwise unobjectionable, the duty of instructing is fully performed, and no error can be

predicated on its refusal to give a requested instruction. In this instance, the instructions given were simpler and more brief than were the requested instructions, and, in our opinion, the jury were better informed by them as to the law of the case than they would have been had the requested instructions been given.

We find no other assignment of error requiring notice.   Affirmed.